Filed 2/5/21  Bodozian v. Total Holdings USA CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| LAILA BODOZIAN, | B285141 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. BC539230 |
| v. | |
| TOTAL HOLDINGS USA, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

The Law Offices of Cynthia A. de Petris and Cynthia A. de Petris for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith and Hellar-Ann Hancock for Defendants and Respondents.

After a jury found defendants' conduct was not a substantial factor in causing plaintiff's injuries, plaintiff moved for a new trial on the ground of jury misconduct, offering her attorney's declaration concerning a post-trial conversation with a juror as the sole supporting evidence. (See Code Civ. Proc., § 657, subd. (2).)[1] The trial court denied the motion because it was not supported by an affidavit with admissible evidence of juror misconduct. (See § 658; Evid. Code, § 1150.) Plaintiff contends the court abused its discretion. We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff sued defendants for motor vehicle negligence, alleging defendant Frankie Lee Cade hit her elbow with his passenger side mirror while she walked on a public street. Defendants denied they caused the accident and disputed plaintiff's alleged injuries.

A jury returned a special verdict, finding, by an 11 to one majority, Cade was not a substantial factor in causing harm to plaintiff. The trial court entered judgment in favor of defendants.

Plaintiff filed a motion for new trial on the ground of jury misconduct. Her only supporting evidence was the declaration of her attorney, Joseph Faccone. Faccone declared juror number six told "*all* counsel that the jurors considered the intent of defendant [Cade] as a factor in determining liability, causation and damages." Faccone claimed, without explanation, that "a Declaration from [juror number six] was unattainable." He said juror number six also reported juror number ten "argued that since there was no evidence presented that defendant [Cade] intentionally struck plaintiff with the vehicle he was operating,

---

[1]    Statutory references are to the Code of Civil Procedure, unless otherwise designated.

2

liability and damages should not be awarded in Plaintiff's favor" and "several other jurors were of the same opinion." According to Faccone, juror number six also "informed counsel, that the jury as a whole did not believe enough 'forensic' evidence was presented by plaintiff to [unequivocally] find defendant [Cade] negligen[t]."

Defendants objected to Faccone's declaration, arguing the statements attributed to juror number six were "hearsay and inadmissible." Defense counsel also represented that juror number six neither met with defense counsel nor made the alleged statements to defense counsel.

The trial court denied the motion for new trial, concluding the claim of jury misconduct was not supported by an admissible affidavit as required under sections 657, subdivision (2), and 658.

## DISCUSSION

Under section 657, subdivision (2), a verdict may be vacated on a motion for a new trial establishing juror misconduct that materially affected the substantial rights of a party. (*Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 57; *Stokes v. Muschinske* (2019) 34 Cal.App.5th 45, 52 (*Stokes*).) "A party moving for a new trial on the ground of juror misconduct must establish both that misconduct occurred and that the misconduct was prejudicial." (*Ovando*, at p. 57.) The "misconduct may be proved by the affidavit of any one of the jurors." (§ 657, subd. (2).)

A trial court "generally undertakes a three-step inquiry in ruling on a new trial motion based on juror misconduct. First, the court determines whether affidavits supporting the motion are admissible. Second, the court determines whether the facts establish misconduct. Third, the court determines whether any

3

misconduct resulted in prejudice." (*Stokes, supra,* 34 Cal.App.5th at p. 52; *Barboni v. Tuomi* (2012) 210 Cal.App.4th 340, 345.)

The trial court determined plaintiff's new trial motion failed at the first step—the supporting affidavit did not proffer admissible evidence of juror misconduct. Section 658 and Evidence Code section 1150 establish this threshold requirement. Under section 658, "[w]hen the application [for new trial] is made for a cause mentioned in the first, *second*, third and fourth subdivisions of Section 657, it must be made upon affidavits." (Italics added.) Evidence Code section 1150 provides: "Upon an inquiry as to the validity of a verdict, any otherwise *admissible* evidence may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room, of such a character as is likely to have influenced the verdict improperly." (Evid. Code, § 1150, subd. (a), italics added.) And, as relevant here, Evidence Code section 1200 directs: "Except as provided by law, hearsay evidence is inadmissible." (*Id.*, § 1200, subd. (b).)

We review the trial court's decision to deny a new trial motion, and its rulings on the admissibility of evidence, for abuse of discretion. (*Stokes, supra,* 34 Cal.App.5th at p. 55.) " ' " 'The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears.' " ' " (*Whitlock v. Foster Wheeler, LLC* (2008) 160 Cal.App.4th 149, 159.)

The only evidence plaintiff submitted in support of her new trial motion was the declaration of her attorney concerning a conversation he had with a juror about discussions the jury had during deliberations. The relevant statements are inadmissible

4

hearsay.  As our Supreme Court explained under nearly identical circumstances, "[t]he sole evidence of the alleged misconduct was the declaration of a defense investigator that purports to relate a conversation with the juror.  It is settled, however, that 'a jury verdict may not be impeached by hearsay affidavits.' " (*People v. Williams* (1988) 45 Cal.3d 1268, 1318, abrogated on other grounds as noted in *People v. Diaz* (2015) 60 Cal.4th 1176, 1190; see also *Burns v. 20th Century Ins. Co.* (1992) 9 Cal.App.4th 1666, 1670, 1672 [where "*only* evidence" submitted in support of new trial motion "consisted of two declarations from [plaintiff's] attorney's investigator concerning purported statements and thoughts of two jurors during their deliberations," declarations were "inadmissible hearsay" and trial court "did not abuse its discretion in denying [plaintiff's] new trial motion"].)

Plaintiff concedes her attorney's declaration "is hearsay." Nevertheless, she argues the trial court was obliged to overlook this infirmity because, in plaintiff's telling, "the hearsay rule was created to avoid lies in the courtroom" and her "attorney's declaration [was] made under penalty of perjury."  Plaintiff misunderstands the hearsay rule.  The hearsay rule is not concerned with the credibility of the in-court witness—in this case, plaintiff's attorney who proffered his sworn declaration. The hearsay rule concerns the credibility of the *out-of-court declarant*—in this case, the juror who told plaintiff's attorney about discussions that supposedly occurred during deliberations. (See Evid. Code, § 1200, subd. (a) [" 'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated."].)  Because plaintiff did not offer a sworn declaration by the juror, from which the trial court could

5

judge the *juror's credibility* concerning the supposed discussions, the trial court properly denied the motion for new trial. (See Evid. Code, § 1150, subd. (a) ["inquiry as to the validity of a verdict" requires "admissible evidence"]; *People v. Bryant* (2011) 191 Cal.App.4th 1457, 1468 ["properly executed juror affidavits are required to establish jury misconduct"]; see also *People v. Cox* (1991) 53 Cal.3d 618, 697 [where "defendant offered to submit the unsworn statement of [juror] and the affidavit of a defense investigator recounting her statement to him," trial court "did not abuse its discretion in according little, if any, credence to assertions the declarant was unwilling to verify"], disapproved on other grounds by *People v. Doolin* (2009) 45 Cal.4th 390, 421 & fn. 22.)

Because plaintiff failed to offer an affidavit with admissible evidence of jury misconduct, the trial court did not err in summarily denying the new trial motion. None of plaintiff's other arguments addresses this dispositive issue. We need not discuss them.

**DISPOSITION**

The judgment is affirmed.  Defendants Frankie Lee Cade, Barry Controls Aerospace, and Hutchinson Aerospace are entitled to costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

LAVIN, J., Acting P. J.

DHANIDINA, J.

7